bPLOTKIN, J.,
concurring in part and dissenting in part, with reasons.
I concur with the majority on all legal issues except defendant’s claim of excessive sentence.
*498 At the sentencing hearing on December 4,1998, the trial court sentenced defendant to life imprisonment without benefit of probation, parole or suspension of sentence. Then the following exchange took place:
[DEFENSE COUNSEL]:
Please note our objection. At this time, we’d like to file a motion to reconsider sentence on two grounds: One, that the sentence is excessive, although we understand that the Court doesn’t have any discretion; secondly, this is against the violation of cruel and unusual punishment.
THE COURT:
Those are denied. You’re quite correct when you indicate this Court has no discretion on a case involving intent to distribute. I sentenced Mr. Washington to the sentence as required by the legislature in this case. The motion to reconsider therefore is denied and I note your objection.
The trial court gave no other reasons or factual basis for imposing a life sentence. Therefore, the trial court did not comply with La.C.Cr.P. 894.1(C), which requires the court to “state for the record the considerations taken into account and the factual basis therefor in imposing the sentence.” See also State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339.
|J would vacate the sentence and remand to the trial court for resentencing. Accordingly, I respectfully dissent on the issue of excessive sentence.